# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT J. MEYER,** | |
| **Plaintiff,** | 13-CV-6043-WJM |
| **v.** | |
| **MICHAEL HYATT,** *et al.*, | **MEMORANDUM OPINION & ORDER** |
| **Defendants** | |

     This matter comes before the Court on *pro se* Plaintiff Robert Meyer's (1) "motion to amend the complaint," and (2) application for the appointment of *pro bono* counsel. For the reasons stated below, Meyer's motion to amend the complaint is **GRANTED** and his request for *pro bono* counsel is **DENIED**.

     *Pro se* Plaintiff Robert Meyer, who is currently incarcerated at East Jersey State Prison in Avenel, New Jersey, has asserted claims under 42 U.S.C. §1983 against a number of prison employees.  Essentially, Meyer alleges that a corrections officer physically assaulted him with excessive force and that other prison employees were involved in a subsequent cover-up.

     Meyer has filed what he describes as a "motion to amend the complaint."  Fed. R. Civ. P. 15(a)(1) provides that a party may amend its pleading once a matter of course within 21 days after serving it, or within 21 days after service of an answer or certain motions made under Rule 12.  Because Defendants in this case have yet to file an answer or any Rule 12 motion, Meyer is permitted to amend his complaint as of right.  *See Dasrath v. Continental Airlines, Inc.*, 228 F.Supp.2d 531, 534 n.1 (D.N.J. 2002).  Therefore, although Meyer does not currently require leave of Court to amend his complaint, the Court will **GRANT** his motion to amend.

     Meyer also requests the appointment of *pro bono* counsel.  Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  District courts have "broad discretion" to decide whether requesting counsel is appropriate, and may request counsel *sua sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).  In exercising its discretion to appoint counsel, district courts must first assess whether a given case has merit, and then weigh specific

factors, including (1) the litigant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue that investigation; (4) the litigant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d. at 155-57. The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Montgomery*, 294 F.3d at 499.

Applying *Tabron*, this Court first concludes that Meyer's allegations of misconduct are sufficiently detailed for his § 1983 claim to have "some arguable merit" for the purposes of his § 1915(e)(1) application. However, at this stage in the litigation, the appointment of *pro bono* counsel is not warranted. First, Meyer's pleadings and other submissions to this Court are coherent and reflect a general understanding of the litigation process. Therefore, Meyer has shown an ability to present his own case. Second, the allegations in the complaint largely focus on whether a corrections officer used excessive force against Meyer, and whether other prison employees were involved in a subsequent cover-up. For now, the Court finds that these types of claims are not sufficiently complex to warrant the appointment of an attorney. Third, while this case may require some factual investigation, the Federal Rules of Civil Procedure provide Meyer with a means to investigate his claims. *See, e.g.,* FED. R. CIV. P. 31 (providing for depositions by written questions); FED. R. CIV. P. 45 (providing for written testimony by subpoena). Fourth, "[w]hile the case may turn on credibility determinations, this factor alone does not determine whether counsel should be appointed." *See Revel v. Governor Thomas Carper's Force*, No. Civ.A.A. 00-421-KAJ, 2004 WL 406336, *1 (D.Del. March 2, 2004). Finally, Meyer makes no specific showing as to why this case would require expert testimony.

After considering the other relevant factors and the practical restraints on the Court's ability to appoint counsel, this Court concludes that the appointment of *pro bono* counsel is not appropriate at this juncture.

**IT IS** on this 8th day of May 2015, hereby,

**ORDERED** that Meyer's motion to amend his complaint is **GRANTED**; and it is further

**ORDERED** that Meyer's application for *pro bono counsel* is **DENIED WITHOUT PREJUDICE.**

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**