UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT J. MEYER,** | |
| Plaintiff, | 13-CV-6043-WJM |
| v. | |
| **MICHAEL HYATT,** *et al.*, | **MEMORANDUM OPINION & ORDER** |
| Defendants | |

This matter comes before the Court on *pro se* Plaintiff Robert Meyer's second application for the appointment of *pro bono* counsel. For the reasons stated below, Meyer's request for *pro bono* counsel is **DENIED**.

While civil litigants possess no constitutional or statutory right to an appointed counsel, Section 1915(e)(1) states that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts have "broad discretion" to determine if appointing *pro bono* counsel would be appropriate and may grant litigant counsel *sue sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). As a threshold matter, courts should first determine whether the claimant's case has merit, and then weigh specific criteria, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and; (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57. This list is not exhaustive, but "should serve as a guidepost for the district courts." *Montgomery*, 294 F.3d at 499 (citing *Parham v. Johnson*, 26 f.3d 454, 456-47 (3d Cir. 1997).

This is Meyer's second application for *pro bono* counsel. The Court denied his first application less than four months ago after applying the facts of the case to *Tabron*. After reviewing Meyer's most recent application, the Court finds no reason to depart from its previous ruling. Meyer's second application primarily argues that he requires counsel to assist him with discovery. However, counsel should not be appointed in a case simply because some discovery is required. *Montgomery*, 294 F.3d at 504. Courts instead should consider whether confinement severely disadvantages the claimant, and if the claims are

likely to require extensive discovery and compliance with complex discovery rules. *Montgomery*, 294 F.3d at 504 (citing *Rayes v. Johnson*, 969 F.2d 70, 703 (8th Cir. 1992)); *see also Tabron*, 6 F.3d at 156.  There is no indication that discovery in this case is extensive in scope or procedurally complex.  To the contrary, it appears that Meyer intends to serve written interrogatories and document requests.  As the Court explained in its previous opinion denying Meyer's application, the Federal Rules of Civil Procedure provide a means for Meyer to pursue such discovery, even while incarcerated.

Simply put, the Court stands by its recent decision.  The appointment of *pro bono* counsel is not appropriate at this time.

**IT IS** on this ___ day of September 2015, hereby,

**ORDERED** that Meyer's application for *pro bono* counsel is **DENIED WITHOUT PREJUDICE.**

        /s/ William J. Martini
      **WILLIAM J. MARTINI, U.S.D.J.**