NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT J. MEYER**  Plaintiff,  v.  **MICHAEL HYATT, et al.**  Defendants. | Civ. No. 2:13-6043 (WJM)  **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

   *Pro se* Plaintiff Robert Meyer alleges that his constitutional rights were violated when he was being housed at a New Jersey Special Treatment Unit. This matter comes before the Court on a motion to dismiss filed by individuals employed by the New Jersey Department of Human Services.[1] For the reasons stated below, the motion to dismiss will be **GRANTED**.

   **I.    FACTUAL BACKGROUND**

   Unless otherwise noted the following facts are alleged in Meyer's amended complaint: The moving defendants are employed with the New Jersey Department of Human Services. The Court will collectively refer to those individuals as "the DHS Defendants." At all relevant times, the DHS Defendants were assigned to a Special Treatment Unit ("STU") where Meyer is civilly committed under the New Jersey Sexually Violent Predator Act ("SVPA") N.J.S.A. 30:4-27.24, *et seq*.

   Much of Meyer's complaint concerns his placement in MAP, which stands for Modified Activities Programming. The public record[2] shows individuals who pose a danger to the STU may be placed in MAP, which imposes a restriction on certain activities. Those restrictions vary with the degree of danger posed by the individual. According to Meyer,

---

[1] Specifically, those individuals are Shantay Adams, Mary Cahill, Gillian Klos, Merrill Main, Tashana Mitchell, Jacylen Ottino, and Richard Van Pelt.

[2] Matters of public record may be considered on a Rule 12(b)(6) motion to dismiss. *Penson Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993).

security guards at the STU viciously assaulted him and then filed false reports accusing him of committing various infractions. Those false accusations eventually landed Meyer in MAP, where his activities were restricted

While it appears that the DHS Defendants did not personally assault Meyer, they were largely responsible for failing to keep him out of MAP. For example, Meyer accuses of Adams Main of "turning a blind eye" to Meyer being physically assaulted by STU security officers. Moreover, Ottino, Van Pelt, Cahill, and Kloss were Meyer's MAP "facilitators" and forced Meyer to speak about his MAP "incident," even though speaking about the incident could potentially subject Meyer to further discipline. Meyer then accuses Mitchell of "arbitrarily and capriciously" placing him in MAP before any investigation was concluded, thereby depriving Meyer of his due process rights.

The DHS Defendants now move to dismiss all claims against them.

## II.   MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). In reviewing a facial attack, like the one in this case, the court must consider the allegations of the complaint in the light most favorable to the plaintiff. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000); *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir.1993). In reviewing a factual attack, the court may consider evidence outside the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations. *Gotha v. United States*, 115 F.3d 176, 178–79 (3d Cir.1997).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id*. at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Id*.

To the extent Meyer asserts claims against the DHS Defendants in their official capacities, those claims must be dismissed.  A suit against a state official in his official capacity is really a suit against the state. *Grohs v. Yatauro*, 984 F.Supp.2d 273, 280 (D.N.J. 2013); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, any 42 U.S.C. § 1983 claims against the DHS Defendants in their official capacities are in fact claims against the state.  Because 42 U.S.C. § 1983 does not operate as a waiver of state sovereign immunity, *Will*, 491 U.S. at 71, Meyer's official capacity claims must be **DISMISSED WITH PREJUDICE**.  *See Zalazar v. Kaminski*, No. Civ. No. 14-8132, 2015 WL 1867049, *3 (D.N.J. Apr. 22, 2015) (sovereign immunity bars official capacity claim against officials employed by New Jersey's Department of Human Services).

To the extent Meyer asserts 42 U.S.C. § 1983 claims against the DHS Defendants in their individual capacities, those claims also fail.  As the DHS Defendants correctly point out, Meyer's claims are nothing more than naked assertions that cannot presently overcome a Rule 12(b)(6) motion to dismiss.  *See Iqbal*, 556 U.S. at 555 (naked assertions are insufficient to defeat a motion to dismiss (citing *Bell Atlantic Corp. v. Twobly*, 550 U.S. 544, 557 (2007)).  Meyer does not, for example, explain how some DHS Defendants forced Meyer to discuss his MAP placement, nor does he discuss how those Defendants subjected Meyer to further discipline.  Similarly, the amended complaint does not explain how Mitchell's decision to place Meyer in MAP was arbitrary or capricious.   Finally, Meyer does not allege sufficiently specific facts explaining how certain DHS Defendants "turned a blind eye" to the abuse Meyer suffered at the hands of STU security.  Meyer's individual capacity claims against the DHS Defendants are nothing more than conclusory labels; consequently, they will be **DISMISSED WITHOUT PREJUDICE**.  Meyer will be given thirty days leave to amend his individual capacity claims against the DHS Defendants.  *See Phillips v. County Allegheny*, 515 F.3d 224, 235-37 (3d Cir. 2008) (district court must grant leave to amend before dismissing a pro se civil rights complaint).

### III.   CONCLUSION

For the foregoing reasons, the DHS Defendants' motion to dismiss is **GRANTED**. An appropriate order accompanies this decision.

                                                  /s/ William J. Martini
                                      **WILLIAM J. MARTINI, U.S.D.J.**

**Date:  March 18, 2016**